UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.

MAGISTRATE JUDGE _____

NASEEM MOHAMED SIRAJ,

    Plaintiff

v.

TAHIRA JUMA
and SALEEM ALKHABURI,

    Defendants.

04 - 10793 WGY

**COMPLAINT**

RECEIPT # 55437
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-21-04

## INTRODUCTION

1.    This is an action by the Plaintiff, Naseem Mohamed Siraj, ("Mrs. Siraj"), against her former employers Tahira Juma ("Ms. Juma") and Saleem Alkhaburi (collectively the "Defendants") to seek redress for violations of her civil rights and protections under the United States Constitution, the Fair Labor Standards Act, 29 U.S.C. §§206, 207, the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 §§ 11I, et seq. and the Massachusetts Wage Act, Mass. Gen. Laws ch. 148 § 149.

2.    This is also an action based in common law for breach of express contract, breach of implied contract; breach of covenant of good faith and fair dealing; intentional infliction of emotional distress; false imprisonment; fraud; unjust enrichment and misrepresentation.

3.    This action arises out of the Defendants' coercive actions in bringing Mrs. Siraj to the United States from her native India under false pretenses and,

- 1 -

through fear, coercion and deceit, forcing her to perform labor while in this country without adequate compensation. At its essence, this action seeks redress against the Defendants for engaging in human trafficking and modern day slavery. The plight of Mrs. Siraj, like so many others similarly situated, may well have gone undetected (indeed, the Defendants took various precautions to evade detection) were it not for a chance encounter with a compassionate and concerned neighbor.

## PARTIES

4.  Plaintiff Naseem Mohamed Siraj is a 35 year old citizen of India, who, at the time of the events which give rise to this Complaint, was legally residing in the United States by virtue of a duly issued B1 Employment Visa. Mrs. Siraj's ability to speak and understand English is limited.

5.  Defendant Tahira Juma, upon information and belief, is a citizen of the country of Oman and resides at Apartment 2B, 49 Marion Street, Brookline, Massachusetts. Upon information and belief, Defendant Ms. Juma is a Pediatrician who is taking medical related courses at Boston University, leading to a specialized advanced degree scheduled to be granted in May or June of this year.

6.  Defendant Saleem Alkhaburi, upon information and belief, is a citizen of the country of Oman as well as the United States and resides at Apartment 2B, 49 Marion Street, Brookline, Massachusetts. Upon information and belief, Defendant Mr. Khabori is a professional engineer.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1391(b), and 1367(a).

8.  Each of the Defendants, Tahira Juma and Saleem Alkhaburi is subject to personal jurisdiction in this judicial district.

9.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b).

## FACTUAL ALLEGATIONS

**Mrs. Siraj leaves her family to work for the Defendants.**

10. Abject and numbing poverty compelled the Plaintiff to leave her native country of India to pursue employment. As the sole source of income for her family, Mrs. Siraj has been forced to leave her three children and her husband for years at a time.

11. For the four years prior to her arrival in the United States, Mrs. Siraj worked as a nanny for the Defendants in Oman.

12. While in Oman, Mrs. Siraj cared for the Defendants' four children (three boys and one girl). Her duties did not include any housekeeping or cooking responsibilities because the Defendants also employed a cook and a housekeeper.

13. Mrs. Siraj was permitted to travel to India to visit her family about once every two years, at the expense of her employer.

**The Defendants coerced Mrs. Siraj to relocate to the United States.**

14. Upon returning to Oman from a visit to India, Mrs. Siraj was informed by the Defendants that Ms. Juma had received an educational opportunity and that the family would be moving to United States for a period of approximately two years. The Defendants requested that Mrs. Siraj accompany the family to the United States to continue her employment.

- 3 -

15. Although she was unhappy at the prospect of moving to the United States, the Defendants informed Mrs. Siraj that unless she did so, she would be stranded in Oman because the Defendants would not pay for her to return to India.

16. Lacking any real choice and needing her employment, Mrs. Siraj acquiesced and accompanied Ms. Juma to the United States Embassy to complete the appropriate immigration paperwork.

17. At the United States Embassy, for the purpose of inducing the government of the United States to issue a B-1 work Visa to allow Mrs. Siraj accompany the Defendants to this country, the Defendants represented to the Embassy and Mrs. Siraj that they would compensate her at the rate of $1,000 per month for her services in the United States.

18. Thereafter, the Defendants presented Mrs. Siraj with an Employment Agreement (the "Agreement"), stating, *inter alia*, that Mrs. Siraj: a) would be paid approximately $920 per month (based on a forty (40) hour work week); b) would care for only <u>one child</u>; c) would be provided two days off per work week; d) would be paid overtime pay for any hours per week she worked beyond forty (40); e) would be paid wages no less frequently than monthly; and f) would be provided free airfare by her employer. A copy of the Agreement is attached hereto as <u>Exhibit A</u>.

**In the United States the Defendants Mistreated Mrs. Siraj, Subjected Her To Deplorable Working Conditions and Paid Her Only Slave Wages.**

19. Upon her arrival in the United States in January, 2003, Mrs. Siraj's already bleak situation went from bad to worse. Rather than the one child as specified in the Agreement, Mrs. Siraj was forced to care for three children ages 4-

10 and occasionally a fourth child. Her daily duties included, feeding, bathing, dressing, and walking the children to and from school or day care, as well as grocery shopping; cooking; laundering and housecleaning. Her working day began at 7:00 a.m. and lasted until 9:00 p.m. (14 hours/day, 98 hours/week).

20. Mrs. Siraj worked continuously, without any time off, for the first six months of her employment in this country. Only after repeated pleading for relief from her ceaseless toil, was she finally granted a brief respite of a mere eight hours off each month.

21. Living in a small two bedroom apartment in Brookline, Mrs. Siraj did not have her own sleeping quarters and was required to sleep with one or more of the children, including from time to time, one of the Defendants' boys. Mrs. Siraj was expected to be on call to attend to the needs of the youngest child throughout the night.

22. After cooking the meals for the family and <u>hand feeding</u> the children, Mrs. Siraj was allowed to eat the leftovers.

23. Her work schedule was so intense, that despite her being a devout Muslim, Mrs. Siraj was not able to take regular breaks to pray 5 times daily in accordance with her faith.

24. Mrs. Siraj was paid woefully inadequate and inconsistent amounts of cash (totaling approximately $1,250 over 15 months) at irregular intervals, sometimes greater than monthly. At no time did the Defendants provide any documentation to Mrs. Siraj with respect to her hours worked, rate of pay or withholdings.

25. During some periods, the Defendants paid Mrs. Siraj nothing, merely promising that they were putting money in a savings account for her benefit in Oman. Mrs. Siraj, however, does not maintain any bank accounts in Oman and has never been given access to any such accounts.

**While Working Continuously, The Defendants Denied Mrs. Siraj Time Off and Allowed Their Children to Abuse Her.**

26. Despite her repeated requests for time off, including the promised vacation time, the Defendants repeatedly refused, claiming it was unnecessary because Mrs. Siraj had no friends in Boston and could not speak English.

27. Meanwhile, the Defendants discouraged Mrs. Siraj from making friends by refusing to allow her to leave the house unaccompanied except to do grocery shopping and laundry, and even then, she would often be forced to take the youngest child with her.

28. The Defendants knowingly permitted their children to abuse Mrs. Siraj, both verbally and physically. On one occasion one of the older boys hit Mrs. Siraj with a baseball bat.

29. Mrs. Siraj was forced to endure a constant barrage of verbal taunts, abusive language and disobedient behavior from the children.

30. Despite her pleas for help, the Defendants did nothing to address the ongoing physical and verbal abuse at the hands of their children.

31. In an overt attempt to control Mrs. Siraj's freedom of movement, the Defendants maintained possession of her Passport and Visa since her arrival in this

country. Mrs. Siraj was afraid to request her documents fearing it would be taken as a sign of insubordination.

32. On one occasion when Mrs. Siraj threatened to leave because of the intolerable working conditions, the Defendants intimidated Mrs. Siraj by telling her that if she left, she would be arrested and thrown in jail.

33. After enduring one last instance of physical abuse at the hands of the eldest child (witnessed by Ms. Juma, who did nothing in response), Mrs. Siraj recently escaped from the Defendants and sought refuge in a shelter pending her return to India.

34. As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

### COUNT I
### Conspiracy to Deprive the Plaintiff of her Constitutional Rights and Privileges in Violation of 42 U.S.C. §1985(3)

35. Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 34 above.

36. The Defendants conspired to deprive the Plaintiff, Mrs. Siraj, of her liberty by agreeing to hold her against her will as a full-time domestic laborer, and taking actions to further that agreement.

37. The Defendants each directly deprived the Plaintiff, Mrs. Siraj, of her liberty by holding her against her will as a full-time domestic laborer.

38. The Defendants together held the Plaintiff, Mrs. Siraj, against her will as a full-time domestic laborer by, among other things, threatening her, deceiving her, and keeping custody of her Passport and Visa.

39. The Defendants are liable for violating 42 U.S.C. §1985(3) by conspiring to deprive the Plaintiff, Mrs. Siraj, of the equal privileges and immunities under the law.

## COUNT II
## Violations of the Fair Labor Standards Act, 29 U.S.C. §§206, 207

40. Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 39 above.

41. The Defendants failed to pay the Plaintiff, Mrs. Siraj, the lawful minimum wage per hour.

42. The Defendants forced the Plaintiff, Mrs. Siraj, to work longer than forty hours per week without compensation for her overtime work.

43. The Defendants are liable for violating 29 U.S.C. §§ 206 and 207 (the Fair Labor Standards Act) by failing to pay Plaintiff, the lawful minimum wage per hour, and for forcing Plaintiff to work longer than forty hours per week without lawful compensation for such overtime work.

44. As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

## COUNT III
## Negligence Per Se for Violations of 29 U.S.C. §§206 and 207

45. Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 44 above.

46. The Defendants are liable for negligence per se for violating 29 U.S.C. §§ 206 and 207 (the Fair Labor Standards Act), and thereby causing the Plaintiff mental suffering, humiliation, anguish, emotional distress, physical injury, and economic losses.

## COUNT IV
## Violation of the Massachusetts Civil Rights Act

47. Mrs. Siraj realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 46.

48. By their acts and conduct stated herein, the Defendants intentionally interfered with Mrs. Siraj's exercise and enjoyment of the fundamental rights secured to her and all other citizens under the Constitution and laws of the United States and of the Commonwealth of Massachusetts, including the right to be free from discrimination because of race, color, creed, national origin or ancestry, the right to be free from the threat of physical harm through threats, intimidation and coercion, in violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, §§ 11I, et seq.

49. As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

## COUNT V
## Intentional Infliction of Emotional Distress

50. Mrs. Siraj realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 49.

51. The Defendants acted knowingly and intentionally with reason to know that their acts and conduct as set forth herein would cause emotional distress to Mrs. Siraj.

52. The Defendants' actions were extreme and outrageous, and beyond all bounds of decency and utterly intolerable in a civilized community. Specifically, the Defendants acts of deceiving her, forcing her to work without adequate pay and allowing their children to brutalize her.

53. The Defendants' conduct caused severe mental and emotional distress, fright, shock and anxiety to Mrs. Siraj, and as a consequence, she has suffered injury and damage of the nature that no reasonable person could be expected to endure.

54. Alternatively, the Defendants' conduct was negligent and caused Mrs. Siraj emotional distress which was reasonably foreseeable as a direct consequence of their actions. As a result, Mrs. Siraj suffered physical harm, which caused or was caused by her emotional distress.

55. As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

## COUNT VI
## False Imprisonment

56. Paragraphs 1 through 55 are incorporated by reference as if fully set forth herein.

57. The Defendants confined the Plaintiff at their apartment at 49 Marion Street, in Brookline, Massachusetts by threatening her with financial penalties, threatening her with retaliation if she left, threatening to turn her over to the United States law enforcement authorities (on made-up charges), and keeping custody of her Passport and Visa.

58. The Defendants had no legal authority by which to confine the Plaintiff.

59. The Defendants knowingly confined the Plaintiff without the legal authority to do so.

60. Under Massachusetts law, the Defendants are liable for false imprisonment.

61. As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

## COUNT VII
## Breach of Express Contract

62. Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 61 above.

63. The Agreement executed by Mrs. Siraj and Defendant Ms. Juma, provided, *inter alia*, that Mrs. Siraj: a) would be paid approximately $920 per

month (based on a forty (40) hour work week); b) would care for <u>one child</u>; c) would be provided two days off per work week; d) would be paid overtime pay for any hours per week she worked beyond forty (40); e) would be paid wages no less frequently than monthly; and f) would be provided free airfare by her employer.

64.    The Defendants have breached the Agreement by forcing Mrs. Siraj to work excessive hours without overtime compensation as required by the Agreement; by requiring Mrs. Siraj to care for four children rather than one child as set forth in the Agreement; by failing to pay Mrs. Siraj the amount required by the terms of the Agreement; by refusing to grant Mrs. Siraj time off as required by the Agreement; and by forcing Mrs. Siraj to perform other duties beyond the scope of the duties outlined in the Agreement, including without limitation, laundering, housecleaning; grocery shopping and cooking; and by failure to provide Mrs. Siraj with a free airplane ticket back to her home in India.

65.    As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

## COUNT VIII
## Breach of Implied Contract

66.    Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 65 above.

67.    Mrs. Siraj performed services for Defendants with the expectation of being paid.

68.  The Defendants had reason to know that Mrs. Siraj was acting with the expectation that she would be paid for her services.

69.  By failing and refusing to pay Mrs. Siraj in accordance with the parties' agreement, the Defendants have breached an implied contract between the parties.

70.  As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

### COUNT IX
### Breach of Covenant of Good Faith and Fair Dealing

71.  Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 70 above.

72.  By their acts and omissions described herein, the Defendants have breached the implied covenant of good faith and fair dealing arising from their Agreement with Mrs. Siraj.

73.  The Defendants' acts and omissions have deprived Mrs. Siraj of the fruits of the parties' Agreement.

74.  As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

### COUNT X
### Unjust Enrichment

75.  Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 74 above.

76. The Defendants received and accepted Mrs. Siraj's services.

77. The Defendants knew or should have known that they were obligated to pay for Mrs. Siraj's services in accordance with the Agreement and applicable wage laws.

78. The Defendants have failed to perform their obligations to Mrs. Siraj, resulting in the Defendants' unjust enrichment.

79. As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

## COUNT XI
## Fraud in the Inducement

80. Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 79 above.

81. The Defendants intentionally provided false and misleading information concerning their intention to pay her $920 per month, plus overtime compensation, and the scope of her duties as a domestic employee.

82. The Defendants intentionally made these representations to induce Mrs. Siraj to come to the United States and remain in their employ and to convince the United States government that they would treat Mrs. Saraj fairly while in the United States.

83. Mrs. Siraj relied to her detriment on the Defendants' written and oral representations.

84.   As a result of the Defendants' actions, Mrs. Siraj has suffered substantial physical, emotional and economic harm in an amount to be determined at trial.

## COUNT XII
## Misrepresentation

85.   Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 84 above.

86.   Defendants made false and misleading representations and omissions to Mrs. Siraj upon which she relied upon accompanying them to the United States.

87.   The Defendants intended Mrs. Siraj to rely upon these misrepresentations, and Mrs. Siraj did rely on these misrepresentations.

88.   Mrs. Siraj suffered damages as a result of her reliance on the Defendants' misrepresentations.

## COUNT XIII
## Negligent Misrepresentation

89.   Mrs. Siraj repeats and realleges herein the allegations contained in paragraphs 1 through 88 above.

90.   The Defendants knew they made false or misleading representations and omissions to Mrs. Siraj and/or should have known they had made false or misleading representations and omissions to Mrs. Siraj which she relied upon to her detriment.

91.   The Defendants failed to exercise reasonable due care and/or competence in making the false or misleading representations and omissions to Mrs. Siraj.

92. As a result of its reasonable reliance on the false or misleading representations made by the Defendants, Mrs. Siraj has suffered damages.

WHEREFORE, the Plaintiff, Naseem Mohamed Siraj, requests that this Court enter judgment in her favor against the Defendants, jointly and severally, as follows:

1. Award Mrs. Siraj her damages, costs and attorney fees incurred in bringing this action;

2. Award Mrs. Siraj punitive damages to discourage the Defendants from taking similar actions in the future in an amount no less than $250,000;

3. Award Mrs. Siraj Treble Damages for back pay and unpaid over-time in accordance with M.G.L. ch. 148 § 149 in the minimum amount of $150,000; and

4. Award such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a trial by jury on all claims so triable.

NASEEM MOHAMED SIRAJ,

By her attorneys,

HOLLAND & KNIGHT LLP

_____
Gordon P. Katz (BBO #261080)
Richard S. Mann (BBO #567865)
Damon P. Hart (BBO #644586)
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated: April 20, 2004
Boston, Massachusetts