UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NASEEM MOHAMED SIRAJ,<br><br>    Plaintiff<br>v.<br><br>TAHIRA JUMA<br>and SALEEM ALKHABURI,<br><br>    Defendants. | CIVIL ACTION NO. 04-10793WGY |

## PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY

In accordance with F. R. Civ. P. Rule 26(d), the Plaintiff, Naseem Mohamed Siraj, ("Mrs. Siraj"), hereby moves this Court to permit expedited discovery of her former employers, Tahira Juma ("Ms. Juma") and Saleem Alkhaburi (collectively the "Defendants"). Expedited discovery is necessary because there is a strong probability that the Defendants will leave this Court's jurisdiction before the completion of discovery in the ordinary course.

As further grounds for this motion, Mrs. Siraj states as follows:

1. The Defendants have brought Mrs. Siraj to the United States from her native India under false pretenses and, through fear, coercion and deceit, forced her to perform labor while in this country, paying her grossly inadequate compensation and subjecting her to an abusive work environment.

2. The Defendants, both citizens of the country of Oman, are only in the Boston area and, indeed, the United States, while Ms. Juma completes an educational program at Boston University. There is a strong probability that the Defendants will leave the jurisdiction of this Court within the next two months and return to their native country; thus denying Mrs. Siraj the ability to conduct any meaningful discovery of the Defendants.

3. Mrs. Juma, through her counsel, initially agreed to be deposed on May 19, 2004 but has since repudiated that agreement. Ms. Juma has not offered any reasonable explanation why she is no longer available on this date, except that she has a "practicum" during the month of May. No alternative date in May has been offered.

4. Mrs. Siraj, through her counsel, has indicated a willingness to accommodate Ms. Juma's schedule by conducting her deposition during hours not in conflict with her "practicum".

5. For her part, Ms. Siraj agreed to be deposed on May 26, 2004 and has, through her counsel, negotiated in good faith to reach an agreement for scheduling Ms. Juma's deposition at a mutually convenient time and date. The parties have been unable to reach such an agreement.

6. Under the circumstances, given the seriousness of the claims in this case, and the clear flight risk presented, the

relaxation of the normal discovery rules sought herein is reasonable and should pose no undue burden on the Defendants.

7. The interests of justice strongly favor granting this request because the Plaintiff's ability to proceed in this case will be severely prejudiced if she is unable to obtain meaningful discovery of the Defendants by virtue of their leaving this jurisdiction.

WHEREFORE, the Plaintiff, Naseem Mohamed Siraj, requests that this Court grant this motion and issue an order permitting the Plaintiff to commence discovery immediately, such that:

1. Responses to all subpoenas seeking documents for the purpose of the depositions shall be due within ten (10) days of request;

2. The Defendant Tahira Juma be ordered to respond to Plaintiff's initial document requests within seven (7) days; and

3. The Defendant Tahira Juma be ordered to appear at a deposition at 10:00 a.m. on May 19, 2004 or some other date during the week of May 19.

-4-

**REQUEST FOR HEARING**

The Plaintiff respectfully requests a hearing on this emergency motion.

                              NASEEM MOHAMED SIRAJ,

                              By her attorneys,

                              HOLLAND & KNIGHT LLP

                              /s/ Damon P. Hart
                              Gordon P. Katz (BBO #261080)
                              Richard S. Mann (BBO #317700)
                              Damon P. Hart (BBO #644586)
                              10 St. James Avenue
                              Boston, MA  02116
                              (617) 523-2700

Dated: May 5, 2004
Boston, Massachusetts

-5-

**CERTIFICATE OF CONFERENCE**

    I hereby certify that on May 5, 2004, I conferred by telephone with Lisa Smyth and Stephen Karpf counsel for defendants, in an effort to resolve the issues presented by this motion. Those efforts were unsuccessful.


                                    /s/  Damon P. Hart


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and first-class mail this 5th day of May, 2004, to Lisa Smyth, Esq., Smyth Law Offices, P.C., 1170 Beacon Street, Suite 200, Brookline, MA 02446, counsel for Defendants.


                                    /s/ Damon P. Hart


# 1915497_v1