UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

NASEEM MOHAMED SIRAJ,

        Plaintiff

v.

TAHIRA JUMA
and SALEEM ALKHABURI,

        Defendants.

CIVIL ACTION NO. 04-10793WGY

**DEFENDANT TAHIRA JUMA'S EMERGENCY
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Now Comes the Defendant Tahira Juma in the person of her counsel and respectfully opposes

Plaintiff's Emergency Motion for the following reasons:

1.    This action was brought forward by the Plaintiff based on false and untested allegations

concerning her employment. Plaintiff failed to allege in her complaint sufficient facts to

support numerous counts as a matter of law, such counts including but not limited civil

rights violations. Plaintiff admits voluntarily coming to the United States and we believe

that she is now using this lawsuit and the unsupported allegations therein to bolster a

claim to remain in the United States and to obtain resident immigrant status.

2.    Plaintiff failed to properly serve Defendant Saleem Alkhaburi ("Defendant Alkhaburi").

Defendant Alkhaburi did not waive service; is a United States citizen; resides in and is

domiciled in the Sultanate of Oman; does not have a dwelling house or usual place of

abode within the Commonwealth; and was not personally served. As Plaintiff resided with Dr. Juma at the Brookline address, Plaintiff is well aware that Defendant Alkhaburi did not reside at the address to which she provided service and misrepresented same to the Court in her Complaint.

3.  Plaintiff's Emergency Motion is rife with omissions and misrepresentations concerning Dr. Juma and discussions between counsel.

4.  Defendant Tahira Juma ("Dr. Juma") is not a flight risk. Dr. Juma stated through her counsel to the Plaintiff that she will remain in the United States at least through June 28, 2004 and that she would be available for deposition, in light of her educational schedule on June 3, 2004. Defendant Juma is a respected doctor from the Sultanate of Oman who is completing her Master of Public Health degree at the Boston University School of Public Health. In order to complete her Master's degree program, Dr. Juma must complete a practicum which continues through June 28, 2004. Plaintiff states absolutely no basis for the allegation that Dr. Juma would leave the United States prior to that date because the Plaintiff lacks any basis to make such an allegation.

5.  Dr. Juma provided a certified statement from the Registrar of Boston University School of Public Health stating her need to remain in the United States for her practicum. *See* Exhibit A: Certificate of Registration.

6.  Plaintiff's counsel did not confer with Dr. Juma's counsel on May 5, 2004 but received a telephone message concerning the June 3, 2004 date. Plaintiff's counsel filed the Emergency Motion without conferring concerning problems with that date. The Court should note that Plaintiff failed to disclose to the Court in her Motion the relevant and material fact that Dr. Juma offered the alternative date of June 3, 2004. Plaintiff seeks to

prejudice Dr. Juma in the eyes of the Court prior to any hearing or trial.

7.    Dr. Juma was able, in the midst of her practicum and her need to arrange child care for

her young children, to set aside a full day for deposition on June 3, 2004. When Dr.

Juma's counsel received a telefax of the Emergency Motion and spoke to Attorney Hart

on May 6, 2004, Plaintiff's counsel was completely unable to articulate any emergency or

specific reason for Court intervention to order Dr. Juma deposed prior to June 3, 2004.

Plaintiff simply seeks to interfere with Dr. Juma's schedule and to harass her during this

litigation. Scheduling the deposition during the week of May 19, 2004 would be an

undue and entirely gratuitous burden on Dr. Juma when June 3, 2004 is available.

8.    Dr. Juma repeatedly offered to make herself available for deposition and to informally

expedite document discovery. The difference between May 19 and June 3 does not rise to

the level of an "emergency" requiring the attention of the Court. Plaintiff's Emergency

Motion squandered the time and resources of the parties and the Court.

9.    Plaintiff's counsel's failure to confer on May 5, 2004 by telephone pursuant to LR, D.

Mass 37.1(A), to provide a valid objection to June 3, 2004 as a deposition date for Dr.

Juma, or to provide required initial discovery disclosures prior to initiating discovery,

demonstrate the Plaintiff's bad faith in proceeding with this litigation and frustrates the

Court's clear intent to "...encourage cost effective discovery by means of voluntary

exchange of information among litigants and their attorneys." LR, D. Mass 26.1(A).

10.    Dr. Juma consistently agreed to expedited discovery due to the Plaintiff's risk of

deportation. Plaintiff was the nanny for Dr. Juma until approximately April 1, 2004,

when the Plaintiff voluntarily left her employment without notice. Plaintiff is in the

United States on a B-1 Visa (nonimmigrant visitor for business) as the nanny for Dr.

Juma, who is in the United States on a student visa. It is a typical restriction on B-1 non-immigrant visa for a domestic servant to a non-immigrant that the B-1 Visa is dependent on Plaintiff continuing her employment. Plaintiff voluntarily terminated her employment by Dr. Juma and subjected herself to voluntary or involuntary deportation. There is a substantial risk that the Plaintiff will leave, or be forced to leave, the United States prior to an opportunity for deposition. This Court should order that the Plaintiff to appear at deposition as soon as possible and Dr. Juma already accepted the proffered date of March 26, 2004 for Plaintiff's deposition.

11.    Plaintiff failed to provide required initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and LR, D.Mass 26.2(A) which states "...[u]nless otherwise ordered by such a judicial officer, before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for by Fed. R. Civ. P. 26(a)(1)." Plaintiff should not proceed with expedited discovery without making such disclosures, enabling both parties to assess the strengths and weaknesses of the Plaintiff's allegations.

12.    The parties are in agreement to expedite discovery in general terms and to schedule Plaintiff's deposition for 10:00 a.m. on May 26, 2004. Plaintiff did not agree to June 3, 2004 as a date for Dr. Juma's deposition, to provide initial discovery disclosures, or to provide Responses to document requests according to the timelines proposed by Dr. Juma.

WHEREFORE, the Defendant Tahira Juma, in the person of her counsel respectfully requests that this Court deny Plaintiff's Motion and make the following comprehensive orders to both parties for expedited discovery:

1.    Each party shall provide required initial disclosures pursuant to Fed. R. Civ. Pro.

26(a)(1) to the other no less than five (5) days prior to the scheduled deposition of their client.

2.    Each party shall provide initial Responses to Requests for Production of Documents to the other no less than five (5) days prior to the scheduled deposition of their client.

3.    Plaintiff Siraj shall appear for deposition at the office of Dr. Juma's counsel at 10:00 a.m. on May 26, 2004.

3.    Dr. Juma shall appear for deposition at the office of Plaintiff Siraj's counsel at 10:00 a.m. on June 3, 2004.

Respectfully submitted,
By counsel for Defendant Tahira Juma,

Date:   May 7, 2004

Lisa Smyth
Smyth Law Offices, P.C.
1170 Beacon Street
Suite 200
Brookline, MA 02446
(617) 608-0023
B.B.O. #553698

B O S T O N    U N I V E R S I T Y    M E D I C A L    C E N T E R

SCHOOL OF MEDICINE • SCHOOL OF PUBLIC HEALTH • GOLDMAN SCHOOL OF DENTAL MEDICINE • BOSTON MEDICAL CENTER



**Boston University**
School of
Public Health

715 Albany Street
Boston, Massachusetts
02118-2526
Tel:  617 638-4640
Fax: 617 638-5299

# CERTIFICATE OF REGISTRATION

This is to certify that

**Dr. Tahira Juma**

is officially registered as a degree candidate in the

Master of Public Health degree program at the

Boston University School of Public Health for the

2003- 2004 academic year.  She is registered for the Summer 1 semester, expected

to be completed June 28, 2004.

Her expected graduation date is September 2004.  Please accord

her the privileges of a student actively involved

at the Boston University School of Public Health.

_____

Christine S. Paal
Registrar
School of Public Health
Boston University

DATE:  April 30, 2004

CERTIFICATE OF CONFERENCE

I hereby certify that on May 6, 2004, I conferred by telephone conference call with Attorney

Damon Hart for Plaintiff for approximately six (6) minutes, and my associate Attorney Stephen

Karppf continued for a further approximately four (4) minutes, in a reasonable and good-faith

effort to reach agreement with opposing counsel on the matters set forth in this Emergency

Opposition and Plaintiff's Emergency Motion.

Lisa Smyth

CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2004, I served opposing counsel with a copy of the attached

Emergency Opposition by telefacsimile and first class mail.

Stephen Karpf